In the Matter of ERNEST CAIRO, Petitioner, v. CITY OF GLOVERSVILLE, Respondent.— STALEY, JR., J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term, entered in Fulton County) to review a determination of the Common Council of the City of Gloversville, which found petitioner guilty of being under the influence of intoxicating liquor while on duty with the Gloversville Fire Department, and suspended him without pay for four weeks commencing April 26, 1969, and placed him on probation for a period of two years from May 23, 1969. Petitioner, a captain in the Gloversville Fire Department, was charged by the Provisional Chief of the Department with two violations of rule 12.23 of the Rules and Regulations of the department. This rule provides as follows: "No drugs, narcotics nor intoxicating liquor shall be allowed in any fire station. And no person under the influence of drugs, narcotics or intoxicating liquor or whose presence is otherwise undesirable shall be allowed in stations. Any member guilty of intoxication on duty may be punished by dismissal from service. All members shall be held accountable for their conduct while off duty whether in uniform or not." The first charge against petitioner specified that "On Friday, April 25, 1969 at approximately 8:20 o'clock A.M. at Fire Station #2 and after 9:00 A.M. at Fire Station #1 the said Ernest Cairo was observed by Provisional Chief Sedal to be under the influence of

intoxicating liquor." The second charge specified that "while on duty as a member of the Fire Department of the City of Gloversville on Friday, April 25, 1969, the said Ernest Cairo was guilty of intoxication during his tour of duty which commenced at 7:30 o'clock A.M. on said date and which was to end at 7:30 o'clock A.M. Saturday, April 26, 1969." After a hearing held on May 6, 1969 the Common Council determined that petitioner was "guilty of Charge 1, Specification 1," as set forth in the statement of charges. Thereafter, petitioner commenced this proceeding to annul the determination of the Common Council. Petitioner contends that the burden of proof rested upon the complainant to establish the charges, and the complainant's uncorroborated testimony does not constitute the substantial evidence necessary to support the charge. Respondent contends that the testimony of Provisional Chief Sedal contains sufficient evidence to support the charge and that this testimony is corroborated by the testimony of Dr. Armand J. D'Errico who examined petitioner several hours after he was first observed by the Provisional Fire Chief. The only question presented on this appeal is whether the findings of the Common Council are supported by substantial evidence in the record. Our review of the record indicates that upon the evidence presented the Common Council could reasonably find that petitioner was under the influence of intoxicating liquor while on duty on April 25, 1969. While there is a conflict in the testimony produced before the Common Council, and reasonable men might differ as to whether the testimony of one witness should be accepted or that of another rejected and thus result in different inferences being drawn, the duty of weighing the evidence and making the choice was solely for the Common Council. "The courts may not weigh the evidence or reject the choice made by the Board where the evidence is conflicting and room for choice exists." (*Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256, 267.) The Common Council rejected petitioner's evidence and accepted the testimony of the complainant and possibly some of the testimony of the other witnesses which was not incredible. All that was involved in the hearing was the determination of questions of fact and nothing is better settled than that this court has no power in a proceeding under article 78 of the CPLR to substitute its own views on a question of fact when that determination is supported by substantial evidence. (*Matter of Burke* v. *Bromberger*, 300 N. Y. 248.) There is no requirement that complainant's testimony must be supported by corroborating evidence. Determinations may be sustained solely upon the testimony of the complaining witness where such testimony is not shown to be incredible or impossible as a matter of law. (*Matter of Sowa* v. *Looney*, 23 N Y 2d 329.) There being evidence to support the charge which the Common Council accepted as credible, we are required to confirm the determination. (*Matter of Caputo* [*City of Schenectady*], 3 A D 2d 484.) Determination confirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.